IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIS JOHNSON, # B-36941,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-00637-MJR |
| | ) |
| **JACQUELINE LASHBROOK,** | ) |
| **JOHN BALDWIN,** | ) |
| **TY BATES,** | ) |
| **SUZANN BAILEY,** | ) |
| **ROBERT SAMOLINSKI,** | ) |
| **and SWANSON,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Travis Johnson, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Pinckneyville (Doc. 1). Plaintiff challenges the decision of prison officials to serve inmates a soy-based diet (Doc. 1, p. 5). Plaintiff has consumed this diet since March 1, 2016, and he claims that it has caused him to suffer severe headaches, stomach pain, weight gain, diarrhea, loss of circulation, prolonged bouts of constipation, and a torn anus (*id*. at 6).

Plaintiff sent four or five requests for medical care to "medical" and received no response (*id*.). When he filed written grievances to complain about the diet, a prison counselor (Counselor Samolinski) destroyed them. The Illinois Department of Corrections' (IDOC) Director (Director Baldwin), IDOC Deputy Director (Deputy Director Bates), and Food Administrator (Administrator Bailey) allegedly ignored his grievances. The prison warden (Warden Lashbrook)

responded to Plaintiff's complaints about the prison diet by instructing him to purchase his food from commissary. Finally, the commissary owner (Swanson) told Plaintiff that he could either buy his food from commissary or eat the prison food and "get sick or worse" (*id*. at 5). In an effort to avoid the overconsumption of soy, Plaintiff has allegedly spent "thousands" at the prison's commissary (*id*.).

Plaintiff now sues Director Baldwin, Deputy Director Bates, Warden Lashbrook, Administrator Bailey, Counselor Samolinski, and Swanson. He claims that these defendants conspired to violate his rights by instituting a soy diet at the prison and ignoring his grievances regarding the same, in order to generate revenue at the prison's commissary. He seeks monetary damages and a preliminary injunction (*id*. at 7).

## Merits Review Under 28 U.S.C. § 1915A

This matter is before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> Count 1: Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet.
>
> Count 2: Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances regarding the soy diet.
>
> Count 3: Conspiracy claim against Defendants for depriving Plaintiff of a nutritionally adequate diet in an effort to drive business to the prison's commissary.

**Count 1** is subject to further review against Director Baldwin, Deputy Director Bates, Warden Lashbrook, and Food Administrator Bailey, but shall be dismissed with prejudice against Counselor Samolinski and Swanson. **Counts 2** and **3** shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

## Discussion

### Count 1

The Constitution requires prison officials to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Plaintiff alleges that the prison had a policy of serving soy-based foods, despite the known negative health consequences associated with the diet. He suffered adverse health consequences soon after he began to consume the diet on March 1, 2016. He names all six defendants in connection with the decision to offer a soy diet.

The allegations are sufficient to state a claim concerning the service of nutritionally inadequate or harmful foods against IDOC Director Baldwin, Deputy Director Bates, Warden Lashbrook, and Food Administrator Bailey. These defendants are senior level staff who may have decision-making authority regarding the prison diet.

However, the claim shall be dismissed against Counselor Samolinski and Swanson. In the complaint, Plaintiff does not allege that the prison diet resulted from a policy directive of either defendant, or that these defendants were involved in food service decisions. Accordingly, **Count 1** shall be dismissed with prejudice against Counselor Samolinski and Swanson.

### Count 2

The complaint supports no independent Fourteenth Amendment claim against the defendants. Plaintiff complains that prison officials ignored the grievances he filed to complain about the soy diet and the adverse health consequences that resulted. Prison grievance procedures are not constitutionally mandated and give rise to no independent claim under the Fourteenth Amendment Due Process Clause. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, **Count 2** shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

### Count 3

The complaint also supports no conspiracy claim against the defendants. In fact, Plaintiff mentions a "conspiracy" in passing. This conclusory allegation is not supported by factual allegations. Claims of conspiracy require a factual foundation to survive preliminary review. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred

from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999)). The fact that the defendants may have played a role in implementing or carrying out a decision to serve soy at the prison does not establish the existence of a conspiracy. No allegations suggest that a decision to this effect was made to harm Plaintiff, or any other prisoner, or to force him to purchase more food from commissary. **Count 3** shall therefore be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED in part,** with respect to **JOHN BALDWIN, TY BATES, JACQUELINE LASHBROOK,** and **SUZANN BAILEY**, and **DENIED in part**, with respect to **ROBERT SAMOLINSKI** and **SWANSON**.

## Disposition

The Clerk is **DIRECTED** to **ADD** a motion for preliminary injunction as a separate docket entry in CM/ECF. This motion is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for handling.

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendants **ROBERT SAMOLINSKI** and **SWANSON** for failure to state a claim upon which relief may be granted, and **COUNTS 2** and **3** are **DISMISSED** with prejudice against all of the

defendants for the same reason.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendants **JOHN BALDWIN, TY BATES, JACQUELINE LASHBROOK,** and **SUZANN BAILEY**. With regard to **COUNT 1**, the Clerk of Court shall prepare for **JOHN BALDWIN, TY BATES, JACQUELINE LASHBROOK,** and **SUZANN BAILEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the pending motion for recruitment of counsel (Doc. 3) and resolution of the motion for preliminary injunction. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2016**

                                                                **s/ MICHAEL J. REAGAN**
                                                                **Chief Judge**
                                                                **United States District Court**