IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  16-cv-637-MJR-SCW |
| ) | |
| JACQUELINE LASHBROOK, ) | |
| JOHN BALDWIN, TY BATES, and ) | |
| SUZANN BAILEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

I. **INTRODUCTION AND BACKGROUND**

*Pro se* Plaintiff Travis Johnson is an inmate incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff brought the present lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated due to the soy-based diet he receives at Pinckneyville. Among the relief Plaintiff seeks in his complaint is preliminary injunctive relief (Doc. 1, p. 7), and the Court has construed that portion of Plaintiff's Complaint as a Motion for Preliminary Injunction (*See* Doc. 11). That motion is now before the Court. Because Plaintiff has failed to demonstrate that he is likely to succeed on the merits and because the injunctive relief he is seeks is not narrowly tailored, Plaintiff's Motion for Preliminary Injunction (Doc. 11) is **DENIED**.

Plaintiff alleges that the defendants in this suit "conspired to violate Plaintiff's rights by instituting a policy to serve a soy-based diet." (Doc. 1, p. 5). He alleges that he

has suffered from "severe medical problems from consuming too much soy" since his incarceration with the Illinois Department of Corrections began in early March of 2016. *Id.* According to Plaintiff, as a result of the soy diet, he has suffered from severe headaches, bouts of constipation lasting four to six days, a torn anus on April 21, 2016, loss of circulation, severe stomach pain lasting from six to twelve hours, diarrhea, and weight gain. *Id.* at 6. Plaintiff alleges that he has complained and sent grievances about the soy diet and the issues it is causing him to no avail. *Id.* at 5. Plaintiff attached to his Complaint a single handwritten exhibit listing, *inter alia*, food items and what appears to be each item's percentage of soy content. *Id.* at 9. In its merits review order, the Court found that Plaintiff had successfully pleaded a single count for an Eighth Amendment violation against certain defendants for endangering Plaintiff's health by serving him a soy diet. (Doc. 10, p. 3). The extent of Plaintiff's motion seeking a preliminary injunction is reflected in his request for relief in his Complaint wherein he seeks a "preliminary injunction to stop serving soy-laden foods." (Doc. 1, p. 7).

## II. PRELIMINARY INJUNCTION STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997).** *Accord Winter v. Natural Res. Def. Council, Inc.,* **555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right").** To prevail on a motion for a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the

merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010) (citing** *Winter***, 555 U.S. at 20).** The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, **612 F.3d at 546.**

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the Court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012).** Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2); s**ee also *Westefer*, **682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).**

III. ANALYSIS

Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claims. To succeed on his Eighth Amendment claim, Plaintiff must make a two part

3

showing: First, he must demonstrate he was subject to a deprivation that was objectively, sufficiently serious so that an official's act or omission resulted in the denial of the minimal civilized nature of life's necessities. ***Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008)**. Second, he must demonstrate that the prison official was "deliberately indifferent" to a serious risk of harm to Plaintiff. ***Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)**. Because Plaintiff has offered nothing other than bare allegations that the soy in his diet is making him sick, he has failed to demonstrate that a jury is likely to find that he was subject to a serious deprivation due to the Defendants actions. While Plaintiff has sufficiently alleged for threshold review that soy is making him ill, for preliminary injunctive purposes, he has offered no evidence to support these allegations. The single exhibit attached to Plaintiff's complaint showing percentages of soy in different foot items is insufficient. Even assuming the exhibit accurately depicts Plaintiff's diet, it demonstrates that Plaintiff's diet contains soy but does not establish a causal link between the soy and the ailments which Plaintiff attributes to the soy. Plaintiff has not provided evidence demonstrating that the soy is causing him to become sick, and, as a result, he has failed to demonstrate a likelihood of success on the merits.

Additionally, the injunctive relief sought by Plaintiff is overbroad. Plaintiff seeks a "preliminary injunction to stop serving soy-laden foods," apparently seeking an injunction across all of the IDOC. Such an injunction would be in contravention of the PLRA's command that injunctions in prisoner suits be narrowly drawn and extend no further than necessary. Moreover, the injunctive relief explicitly sought by Plaintiff is

too vague. The Federal Rules of Civil Procedure require courts to "specifically" state the terms of an injunction, and to "describe in reasonable detail…the act or acts restrained or required." **Fed.R.Civ.P. 65(d)(1)(B) & (C).** In other words, an injunction must clearly indicate what it is the defendant is to do or not do. An injunction that orders IDOC to "stop serving soy laden foods" is not suitable under Rule 65(d). *See Schmidt v. Lessard*, **414 U.S. 473 (1974) (district court injunction merely providing relief "against further enforcement of the present Wisconsin scheme against" Plaintiffs did not comply with Rule 65(d))**.

IV.  CONCLUSION

Because Plaintiff has failed to demonstrate a likelihood of success on the merits, and because the injunctive relief he requests is overbroad and vague, he has failed to demonstrate he is entitled to the extraordinary and drastic remedy of a preliminary injunction. As such, Plaintiff's Motion for Preliminary Injunction (Doc. 11) is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 13, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**

5