IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TRAVIS JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 16-cv-637-SCW |
| JACQUELINE LASHBROOK, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

### INTRODUCTION

*Pro se* Plaintiff Travis Johnson, an inmate incarcerated with the Illinois Department of Corrections ("IDOC"), brought the present lawsuit alleging violations of his civil rights due to the soy content of IDOC's diet. This matter is before the Court on a Motion for Summary Judgment filed by Defendants (Doc. 34). Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). After reviewing briefing on the motion, the Court held an evidentiary hearing, and this issue is now ripe for disposition. For the reasons articulated below, the Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 34).

### BACKGROUND

Plaintiff filed the present lawsuit regarding the soy content of IDOC's diet on June

13, 2016. (Doc. 1). In his Complaint, Plaintiff alleges that he filed two grievances in April and May 2016. (*Id.* at 4). At the motion hearing held on June 5, 2017, Plaintiff testified that he wrote four grievances before he filed suit. (Doc. 49, p. 6). Plaintiff did not know why he did not list the other two grievances in his Complaint. (*Id.* at 13). He said that he wrote the first two grievances around April 14th and 21st, the third sometime in May, and the fourth around the 1st or 2nd of June. (*Id.* at 7). He then put all but one in a grievance box, and handed the other to Counselor Samolinski. (*Id.* at 7 – 8). Plaintiff claims that he tried to speak to Samolinksi about the grievance, but the counselor would not speak with him. (*Id.* at 8). In his Complaint, however, Plaintiff alleges that he spoke to the counselor to whom he handed his grievance, and when he inquired about the grievance, the counselor responded by saying "fuck you, kill yourself." (Doc. 1, p. 5). When later asked about this incident at the motion hearing, Plaintiff testified that counselor Samolinksi said "fuck you, kill yourself" when Plaintiff inquired about the grievance. (Doc. 49, p. 17). When asked why he did not mention this incident in his testimony when previously asked about his conversation with Samolinksi, Plaintiff testified that he did not remember it at the time. (*Id.*).

According to Plaintiff, he made copies of the four grievances; however, he does not still have those copies. (*Id.* at 9). They were sent to a counselor and grievance officer at Menard, to the Director of IDOC in Springfield, and to the Menard kitchen supervisor. (*Id.* at 9 -10). He did not make copies for himself, however. (*Id.* at 18).

Plaintiff testified that on one occasion in May 2016, he saw an inmate officer who

had a clear plastic bag full of destroyed grievances. (*Id.* at 10 – 11). The inmate claimed that the grievances were from a counselor, and that the counselor throws away all of the grievances that he does not wish to respond to. (*Id.* at 11).

Plaintiff testified that as to the four grievances, the first two were sent to a counselor, generally, and a third grievance, in May, handed directly to Samolinksi. (*Id.* at 19 – 21). While Plaintiff originally testified that a fourth grievance was sent in June, he later said that it was actually sent in May. (*Id.* at 21). He testified that it was the one he made copies of, and sent it to a counselor, the Menard kitchen and to Springfield. (*Id.* at 21 – 22). According to Plaintiff, he never received a response to any of these grievances. (*Id.* at 22).

Counselor Samolinski also testified at the motion hearing. He testified that when a grievance comes to him initially, there is no log of it made and nor are there copies made. (*Id.* at 25). He also acknowledged that sometimes inmates will hand him grievances instead of placing them in a grievance box. (*Id.* at 26). Defendants also provided Plaintiff's Cumulative Counseling Summary. The document lists returned grievances and shows no returned grievances prior to June 13, 2016. (*See* Doc. 35-1). The four returned grievances listed after that date all relate to personal property. (*See id.*). Counselor Samolinski testified that if he had returned a grievance relating to the prison's soy diet, he would have made a note on the counseling summary. (Doc. 49, p. 29). The counselor also testified that he has never said to an inmate "fuck you, kill yourself," and that he had never, nor would he have any reason to, throw grievances in

the trash. (*Id.* at 27). In addition, Leslie McCarty, the Chairperson for the Office of Inmate Issues for IDOC's Administrative Review Board ("ARB") testified that the ARB has never received a single grievance from Plaintiff. (Doc. 35-2, p. 1, 3).

## LEGAL STANDARD

### 1. Summary Judgment Standard

Summary judgment is appropriate only if the admissible evidence considered as a whole shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. ***Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing Fed.R.Civ.P. 56(a))**. The party seeking summary judgment bears the initial burden of demonstrating – based on the pleadings, affidavits and/or information obtained via discovery – the lack of any genuine issue of material fact. ***Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)**. A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)**. *Accord **Bunn v. Khoury Enterpr. Inc.*, 753 F.3d 676 (7th Cir. 2014)**.

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. ***Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012);** *Righi v. SMC Corp.*, **632 F.3d 404, 408 (7th Cir. 2011);** *Delapaz v. Richardson*, **634 F.3d 895, 899 (7th Cir. 2011)**. As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party,

giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, **756 F.3d 542 (7th Cir. 2014)**.

A Motion for Summary Judgment based upon failure to exhaust administrative remedies, however, typically requires a hearing to determine any contested issues regarding exhaustion, and a judge may make limited findings of fact at that time. *Pavey v. Conley*, **544 F.3d 739, 742 (7th Cir. 2008).** The case may proceed on the merits only after any contested issue of exhaustion is resolved. *Pavey*, **544 F.3d at 742.** While generally, the Court's role on summary judgment is not to evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter, but to determine whether a general issue of triable fact exists, a different standard applies to summary judgment on the issue of exhaustion. *Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, **528 F.3d 508, 512 (7th Cir. 2008)**. In *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey*, **544 F.3d at 740-41.** Here, a factual issue existed, and the court held an evidentiary hearing.

2. **PLRA's Exhaustion Requirement**

The affirmative defense of failure to exhaust depends on whether a plaintiff has fulfilled the PLRA's exhaustion requirement, which in turn depends on the prison grievance procedures set forth by the Illinois Department of Corrections. *See Jones v.*
Page 5 of 10

*Bock*, 549 U.S. 199, 218 (2007).

The PLRA provides that "no action shall be brought [under federal law] with respect to prison conditions…by a prisoner…until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a)**. Under the PLRA, exhaustion of administrative remedies is mandatory, and unexhausted claims cannot be brought in court. *Jones*, **549 U.S. at 211.** The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. *Pavey*, **544 F.3d at 742.**

The Seventh Circuit takes a strict compliance approach to exhaustion; requiring inmates follow all grievance rules established by the correctional authority. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006).** A prisoner must therefore "file complaints and appeals in the place, and at the time, the prison's rules require." *Pozo v. McCaughtry*, **268 F.3d 1022, 1025 (7th Cir. 2002).** But the PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a).** If the prisoner fails to follow the proper procedure, however, the grievance will not be considered exhausted. *Pavey v. Conley*, **663 F.3d 899, 903 (7th Cir. 2011).** The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006).**

Additionally, exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** Rather, a prisoner must wait to bring a suit

until after he completes the exhaustion process. *Perez v. Wisconsin Dept. of Corrections*, **182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C. § 1997e(a))**. A suit that is filed prior to the exhaustion of remedies must be dismissed, even if a plaintiff's administrative remedies become exhausted during the pendency of the suit. *Id.*

3. **Exhaustion Requirement under Illinois Law**

IDOC's process for exhausting administrative remedies is laid out in the Illinois Department of Corrections Grievance Procedures for Offenders. **20 Ill. Adm. Code § 504.810.** If unable to resolve dispute with the counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *Id.* The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint…[or] as much descriptive information about the individual as possible." *Id.* The grievance officer shall review the grievance and report findings and recommendations to the Chief Administrative Officer. **20 Ill. Adm. Code § 504.810(c)**. The prisoner will then have the opportunity to review the CAO's response. **20 Ill. Adm. Code § 504.830(e).** If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the Administrative Review Board within 30 days of the CAO's decision. **20 Ill. Adm. Code § 504.850**. The ARB is required to make a final determination of the grievance within six months after reciving it. *Id.* Completion of this process exhausts a prisoner's administrative remedies.

In emergencies, the Illinois Administrative Code also provides that a prisoner may request his grievance handled on an emergency basis by forwarding the grievance directly to the CAO. **20 Ill. Adm. Code § 504.840**. The grievance may be handled on an emergency basis if the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm to the offender. *Id.* The request to have a grievance handled on an emergency basis may also be appealed to the ARB. **20 Ill. Adm. Code § 504.850(a)**.

## ANALYSIS

The Court finds that Plaintiff failed to exhaust his administrative remedies. First, it is clear that Plaintiff did not exhaust each step of IDOC's administrative remedy process. Plaintiff claims he filed his first grievance in April 2016 and filed suit in June 2016. In this Court's experience, that is very likely not enough time to complete the entire administrative remedy process. Moreover, unchallenged testimony from Leslie McCarty at the ARB established that the ARB has never received an appeal of a grievance from Plaintiff Johnson.

The main issue, however, is whether Plaintiff was prevented from exhausting his remedies by prison officials. If an inmate never receives a response to a grievance, and/or a grievance is destroyed, the inmate is deemed to have exhausted as a matter of law as the grievance process has been made unavailable to him. *See Walker v. Sheahan*, **526 F.3d 973, 979 (7th Cir. 2000) (an inmate is not required to appeal his grievance if he submits the grievance to the proper authorities but never receives a response);** *Dole*,

**438 F.3d at 809 (a remedy can be unavailable to a prisoner if the prison does not respond to the grievance or uses misconduct to prevent a prisoner from exhausting his resources)**. Plaintiff claims that he sent four grievances, and he never received a response to any of them. The Court does not find Plaintiff credible, however. Plaintiff was inconsistent not only in regards to the number of grievances filed, but also as to when he filed those grievances. In his Complaint, closer to the point in time which he allegedly filed the grievances, Plaintiff claimed that he filed two grievances, and then at the motion hearing, he claimed he filed four and was specific regarding the dates of filing. He did not have an answer for why he listed filing only two, and not four, grievances in his Complaint. Plaintiff also could not consistently testify as to the dates which he filed the grievances.

Plaintiff's claim that he spoke with Counselor Samolinski regarding the grievance he allegedly gave to the counselor is also not credible. Initially, Plaintiff testified that he tried to speak with Samolinksi about the grievance; however, later, only when prompted with his Complaint, Plaintiff claimed that Samolinski said to him "fuck you, kill yourself." Plaintiff claims that he had forgotten about this statement by Samolinski. The notion that Plaintiff would forget a prison counselor saying to him "fuck you, kill yourself" is not believable. This inconsistent testimony in particular is damning to Plaintiff's credibility as a whole.

Moreover, the Court finds Counselor Samolinski credible. The counselor was honest about such matters as not keeping copies or logs of grievances, and the fact that

he often receives grievances delivered by hand from inmates. The Court believes Counselor Samolinski, when he testified that he did not say "fuck you, kill yourself" to Plaintiff, and when he testified that had he received any grievance from Plaintiff regarding the soy content of the IDOC diet he would have logged its return. In addition, it is noteworthy that the counseling summary itself contains entries relating to returned grievances, all pertaining to personal property issues. At least two of the grievances were returned by Counselor Samolinski. (Doc. 35-1, p. 1). The Court sees no logical reason why Samolinksi and other counselors would destroy only soy related grievances and not others. In sum, after considering the facts set before it, the Court finds that Plaintiff did not submit any soy related grievances prior to filing the present lawsuit, and therefore did not exhaust his administrative remedies as required by the PLRA.

## Conclusion

Since Plaintiff did not exhaust his administrative remedies as required by law, Defendants' Motion for Summary Judgment (Doc. 34) is **GRANTED**. Plaintiff's claims are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED**.
DATED: 9/29/2017

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge